EMMA D. COURCY *et al. vs.* ROSE CORINNE PARD.

FEBRUARY 10, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity brought in the superior court for the construction of the will of Octave Courcy, late of the city of Woonsocket, deceased, and certified to this court in accordance with general laws 1923, chapter 339, sec. 35.

The testator executed his will on December 26, 1929 and died, leaving said will, on March 14, 1932. He left surviving him his widow, Emma D. Courcy, and five children, Rose

Corinne Pard, and Louise, Samuel J., Joseph and Irene Courcy. All of the children were living and of age when the will was executed. The bill is brought by the widow and four of the children against the fifth child, Rose Corinne Pard, who has allowed the bill to be taken *pro confesso* against her.

By the terms of the will, Emma D. Courcy, the widow, is the sole devisee and legatee of the real and personal estate of the testator. No one of the five children is mentioned in the will. The only question argued before us is whether the testator omitted his five children intentionally or by accident or mistake. The complainants did not rely only on the will to support their contention that the omission of the children was intentional and not occasioned by accident or mistake, but they also introduced evidence in the superior court to prove such intention.

It appears in evidence that Emma D. Courcy and her husband had worked for years before purchasing, as tenants in common and with their joint savings, certain real estate in the city of Woonsocket, which is fully described in complainants' bill. This property was so held by them up to the time of the husband's death in March 1932. The evidence further shows that Emma and her husband had discussed their property affairs prior to the execution of his will, and it was agreed between them that, in the event of the death of either, the survivor should succeed to all the property of the deceased to the exclusion of their children; and that thereafter each of them executed a will making identical disposition of their property, with no mention of the children in either will.

The scrivener, who prepared both the will of the wife and of the husband, testified that the testator wanted "all to go to his wife, Emma Courcy. . . . He said the children were all past the age of majority, they could look out for themselves. In the other case, the wife could do whatever she wanted to help them." He further testified that the testator, after re-

ferring to the fact that his wife had worked in the mill at different times at her trade, said to him: " 'She is entitled to all of it. I am sorry that I don't have more to give her.' "

In the circumstances of this cause, we are of the opinion that the complainants have established by uncontradicted evidence that the failure of the testator to provide in his will for his five children was intentional and not occasioned by accident or mistake.

The parties may, on February 17, 1939, present for our approval, a form of decree to be entered in the superior court in accordance with this opinion.

*Adolph Gorman,* for complainants.

(No appearance for respondent).